WICKWIRE and others *v.* THE FERRY-BOAT MONTANA and THE TUG R. S. CONOVER.

*(District Court, E. D. New York.* ———, 1881.)

1. COLLISION IN NORTH RIVER AT NEW YORK — TUG AND TOW—NEGLIGENCE.—A tug was taking a bark from her berth along-side a ferry-slip in the Hudson river, at New York, and just as a ferry-boat that had come up was backing to avoid a sloop then in her way, the tug commenced to haul on a hawser on the starboard quarter of the bark, thereby moving her astern, the ferry-boat stopped backing, and the two came in collision. The owners of the bark libelled both the ferry-boat and the tug for the damages. *Held,* that the ferry-boat was not in fault by backing when she did, nor for stopping, as that diminished the damage that resulted from the collision; but that the tug was in fault for moving the bark astern at that time when another course was open for her to take.

In Admiralty.

*Hill, Wing & Shoudy,* for the libellants.

*Beebe, Wilcox & Hobbs,* for the ferry-boat.

*E. D. McCarthy,* for the tug.

BENEDICT, D. J. I am of the opinion that the damage to the bark Kings County, sued for in this action, must, upon the evidence, be found to have been caused by the negligence of those navigating the tug R. S. Conover, which, at the time of the collision, was engaged in towing the bark. This negligence consisted in straightening up on the hawser attached to the bark's starboard bow when the situation of the tug was such that the power so applied to the bark, in her then position, and at that state of the tide, caused the bark to move astern and into the side of the ferry-boat then under her stern. The character of the blow shows that the ferry-boat was substantially still in the water, and that the bark was, by the action of the tug, backed against the ferry-boat. The ferry-boat was not in fault for stopping and reversing as she did. Such action was necessary to avoid a sloop, and she was entitled to suppose that the bark would remain where she was, or at least would not back. Nor was the ferry-boat in fault for not continuing to back. When the ferry-boat stopped backing, the bark was upon her; if she had continued backing she would not have escaped the bark, and, by stopping her engine, she diminished the damages. If the bark had been moved ahead by the tug, instead of astern, or if she had been turned without going astern, there would not have been any collision. It was entirely possible for the tug so to tow the bark as to prevent her from going astern and across the river, and her failure to do this caused the damage in question.

The libel as against the ferry-boat is, therefore, dismissed, and the libellant awarded a decree against the tug for the damage in question, with a reference to ascertain the amount.